Legman, Appellant, *v.* Scranton School District.

Argued January 12, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert T. Gownley,* for appellant.

*James A. Kelly,* Solicitor, with him *Kelly & Walker,* for school district, appellee.

*M. H. Goldstein,* with him *Carl Carey* and *Brigid E. Carey,* for federation, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

Climaxing a long simmering labor dispute, a majority of the teachers in the Scranton School District staged a four day strike in December of 1967. After intensive negotiations, the teachers returned to their posts and the School Board approved a 1968 budget which provided raises for all teachers in the district, including those who had participated in the strike.

Shortly thereafter, appellant filed this suit, challenging the power of the School Board to increase the salaries of those teachers who had participated in the strike. He based his suit on the Public Employees Anti-Strike Act of 1947, Act of June 30, 1947, P. L. 1183, 43 P.S. §§215.1-215.5, which provides, inter alia, that striking public employees may be rehired, but that for a period of three years thereafter they may not receive compensation higher than that which they received at the time they left, and that they must be put on probation for five years.[1]

---

[1] "Notwithstanding any other provision of law, any public employe who violates the provisions of this act shall thereby abandon and terminate his appointment or employment and shall no longer hold such job or position, or be entitled to any of the rights or emoluments thereof, except if appointed, reappointed, employed or reemployed as hereinafter provided.

"Notwithstanding any other provision of law, a person violating the provisions of this act may, subsequent to such violation be appointed or reappointed, employed or reemployed as a public employe but only upon the following conditions: (a) His compensation shall in no event exceed that received by him immediately prior to the time of such violation, (b) The compensation of such person shall not be increased until after the expiration of three years from such appointment or reappointment, employment or reemployment, and (c) Such person shall be on probation for a period of five years following such appointment or reappointment. employment or reemployment, during which period he shall serve without tenure and at the pleasure of the appointing officer or body." Act of June 30, 1947, P. L. 1183, 43 P.S. §§215.3, 215.4.

The School Board and two other intervening defendants filed preliminary objections based on arguments which are now irrelevant. The objections were dismissed and the dismissal affirmed by this Court. *Legman v. Scranton School District*, 432 Pa. 342, 247 A. 2d 566 (1968). Appellant then applied for and received court permission to file an amended complaint. Appellees again filed preliminary objections, this time arguing only that a new amendatory law, the Act of December 20, 1968, P. L.　, 5 Pa. Leg. Serv. 1069 (1968), amending 24 P.S. §11-1152,[2] gave the School

---

[2] "Section 1152, act of March 10, 1949 (P.L. 30), known as the 'Public School Code of 1949,' amended December 27, 1951 (P.L. 1776), is reenacted and amended to read: Section 1152. Compensation in Excess of Schedule; Temporary or Emergency increases

The foregoing schedules prescribe a minimum salary in each instance, and where an increment is prescribed, it is also a minimum. It is within the power of the boards of school directors to increase for any person or group of persons, included in any schedule, the initial salary or the amount of an increment or the number of increments.

Nothing contained in this act shall be construed to interfere with or discontinue any salary schedule *rights, tenure rights, or other privileges or terms of employment* now or heretofore in force in any school district, provided such shall meet the requirements of this act, nor to prevent the adoption of any salary schedule in conformity with the provisions of this act.

In addition to the salaries provided for by this act, the board of directors of each school district is hereby authorized to grant temporary or emergency increases in salaries to members of its teaching or supervisory staff for any period, and to discontinue such increases at the end of the period for which the same were granted, any law to the contrary notwithstanding. In order to pay the amount of salary hereby provided for the board of school directors of any school district may revise its budget by increasing its appropriation or appropriations for salaries of members of the teaching and supervisory staffs for the school district for any year. The funds therefor shall be provided from unexpended balances in existing appropriations, from unappropriated revenue, if any, or from temporary loans. Any temporary or emergency increases heretofore *or hereafter* granted by any school district, and the dis-

160

District the authority to pay the increased salaries despite the provisions of the Anti-Strike Act of 1947. The trial court agreed, sustained the preliminary objections and dismissed the complaint. We affirm.

The amendment simply states that "any contracts, rights, tenure rights, or other privileges or terms of employment heretofore in effect in any school district . . . are hereby ratified, confirmed and made valid, notwithstanding the terms or provisions of any other act or that the same may have been done without previous authority of law."

We hold that the amendment effectively ratified the actions of the Scranton School Board, regardless of their legality at the time they were undertaken. The language will bear no other interpretation.

Decree affirmed. Each party to pay own costs.

---

continuance thereof at the end of the period for which granted, *and any contracts, rights, tenure rights, or other privileges or terms of employment heretofore in effect in any school district, provided the same shall meet the requirements of this act,* are hereby ratified, confirmed and made valid, notwithstanding the [fact] *terms or provisions of any other act* or that the same may have been done without previous authority of law.

No school district shall be required to pay any increments provided for hereby to any teacher who is rated unsatisfactory for any part of the probationary period of such teacher." Act of December 20, 1968, P. L.    , 5 Pa. Leg. Serv. 1069 (1968), amending 24 P.S. §11-1152 (italicized words are those added by the amendment, bracketed word was deleted).